UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NORTH FOREST DEVELOPMENT, LLC

Plaintiffs,

v.

WALDEN AVENUE REALTY ASSOCIATES, LLC, BURGIO AND COMPOFELICE, INC., AND ROBERTS, SHACKLETON & BOY ARCHITECTS & ENGINEERS, P.C.,

Defendants.

**REPORT AND RECOMMENDATION**

06-CV-0378-A (M)

---

Pursuant to 28 U.S.C. §§636(b)(1)(A), (B) and (C), this case was referred to me by Hon. Richard J. Arcara to conduct "all pre-trial matters", including "hearing and disposition of all non-dispositive motions or applications", and to "hear and report on dispositive motions for the consideration of the District Judge" (Dkt. #24).

Before me are defendants' motions to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) (Dkt. ##7, 15 and 16).[1] Oral argument was held on May 16, 2007. For the following reasons, I recommend that defendants' motions be granted, in part, and denied, in part.

---

[1] In support of their motion to dismiss, defendants have submitted the Affidavit of Gerald T. Walsh, Esq. (Dkt. #7-2) and defendants' Memorandum of Law (Dkt. #7-4). In response to defendants' motions, plaintiff has submitted the Affidavits of Michael A. Oropallo, Esq. (Dkt. #17), and Christine Czajka (Dkt. #17-4), and along with a Memorandum of Law (Dkt. #17-1). Defendants have also submitted a Reply Memorandum of Law (Dkt. #19).

**BACKGROUND**

Plaintiff commenced this action on June 9, 2006 by filing a complaint containing nine causes of action (Dkt. ##1, 7-2). Plaintiff's first and second causes of action allege non-willful and willful infringement of plaintiff's copyrights in architectural designs and buildings. Plaintiff's third cause of action alleges trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1125(a). Plaintiff's fourth cause of action alleges false advertising/unfair competition and false designation of origin under the Lanham Act. Plaintiff's fifth cause of action seeks an accounting, based upon the first four causes of action.

Plaintiff's remaining causes of action are based upon State law. Its sixth cause of action alleges unfair competition. Its seventh cause of action alleges fraud/misrepresentation. Its eighth cause of action alleges tortious interference with prospective economic advantage. Finally, its ninth cause of action alleges false advertising/deceptive trade practices/unfair competition under New York General Business Law §§349, 350 & 360.

In moving to dismiss the complaint, defendants argue that plaintiff fails to state a cause of action for copyright infringement (Dkt. #7-4, Point I), that plaintiff's third through ninth causes of action are preempted by the Copyright Act (Dkt. #7-4, Point II), that plaintiff's trademark and trade dress claims are insufficient as a matter of law (Dkt. #7-4, Point III), that plaintiff has failed to state a claim for intentional interference with prospective economic advantage (Dkt. #7-4, Point IV), and that plaintiff's cause of action for fraud/misrepresentation fails to allege any particulars, and should be dismissed pursuant to Fed. R. Civ. P. 9(b) (Dkt. #7-4, Point V).

In response to the motions, plaintiff defends the validity of its copyright and Lanham Act claims (Dkt. #17-1, Point I), but does not address defendants' motions to the extent they attack plaintiff's remaining causes of action. Instead, plaintiff merely argues that if "the Court were to find any merit in any portion of Defendants' motion to dismiss . . . the motion would be defeated by an amendment of the complaint, and should therefore be denied" (Dkt. #17-1, Point II).

## DISCUSSION AND ANALYSIS

### Standard For Dismissal

When evaluating a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the court must ascertain, after presuming all factual allegations in the complaint to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. See Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994). The court may grant the motion only where " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Allen v. Westpoint-Pepperell, Inc ., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

With this standard in mind, I will consider defendants' challenges to plaintiff's complaint.

### Plaintiff's First and Second Causes of Action: Copyright Infringement

Defendants argue that plaintiff's claims for copyright infringement must be dismissed because plaintiff has failed to allege what aspects of its registrations it claims are

protected, and what specific designs or buildings of defendants are alleged to have infringed on plaintiff's rights (Dkt. #7-4, Point I). I disagree.

"To prevail on a claim of copyright infringement, a plaintiff must show ownership of a valid copyright and copying." Knickerbocker Toy Co., Inc. v. Azrak-Hamway International, Inc., 668 F.2d 699, 702 (2d Cir. 1982). To establish its ownership of valid copyrights, plaintiff has attached to the complaint a number of copyright registrations and applications for registrations for a series of interior and exterior designs (Dkt. #7-2, Ex. A). Plaintiff also alleges that it

> "owns a number of original architectural designs, and has constructed many buildings pursuant to those designs, that uniquely address the needs of its customers and their businesses but containing certain original configurations and arrangement and composition of spaces and elements. The original configuration and layout of [plaintiff's] architectural designs embodied in buildings that it constructs, include specific designs and arrangement and composition of spaces and elements that separates [plaintiff's] designs from previously known configurations" (Id. at ¶14. See also ¶¶23, 24).

Concerning the requirement that defendants copied the work, plaintiff alleges:

> "Upon investigation and information, that has consisted of among other things, a review of Defendants' designs, buildings, advertising, marketing, and promotional materials that describe building designs that attributes that are substantially similar to [plaintiff's] protected works, and other investigation related activities, Defendants have unlawfully copied, designed, and constructed buildings in violation of [plaintiff's] copyrights, and have falsely described, designated, and advertised said activities, in a manner confusing to the general public and to prospective customers" (Id. at ¶15), and

> "Defendants have reproduced, prepared derivative works from, and/or distributed unauthorized copies of [plaintiff's] copyrights,

> and/or otherwise infringed [plaintiff's] copyrights, in violation of [plaintiff's] exclusive rights, as set forth in Section 106 of the Copyright Act" (Id. at ¶25).

Accepting all of plaintiff's allegations as true, plaintiff has established, for purposes of this motion, that it owns valid and original copyrights for its designs. See Boisson v. Banian, Ltd., 273 F.3d 262, 268 (2d Cir. 2001) ("Plaintiffs' certificates of registration constitute prima facie evidence of the validity not only of their copyrights, but also of the originality of their works"); 17 U.S.C. §410(c) ("In any judicial proceedings the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate.").

Moreover, viewing the complaint in a light most favorable to plaintiff, I also find that "[p]laintiff could present evidence that [d]efendants copied its designs, entitling the [p]laintiff to relief". Home Design Services, Inc. v. B&B Custom Homes, LLC, No. 06-CV-00249, 2006 WL 3328140, at *4 (D.Colo. November 15, 2006) (refusing to dismiss claim based on conclusory allegations of infringement). "Because a court faced with a motion to dismiss for failure to state a claim must take the allegations of infringement in the complaint as true, dismissals are generally limited to unique situations such as where the allegedly infringing acts occurred wholly outside the United States or where plaintiff has brought another claim such as breach of contract under the guise of copyright infringement." Franklin Electronic Publishers, Inc. v. Unisonic Products Corp., 763 F. Supp. 1, 4 (S.D.N.Y. 1991).

Defendants' reliance upon authorities such as Attia v. Society of the New York Hospital, 201 F. 3d 50 (2d Cir. 1999), cert. denied, 531 U.S. 343 (2000) (Dkt. #7-4, p. 5) is misplaced, because that case involved a motion for summary judgment, in which the issue before

the court was whether copyright infringement could be proven, not whether it had been properly alleged. Therefore, the denial of defendants' motions as to plaintiff's copyright claims is without prejudice to defendants' right to move for summary judgment against those claims at a later date.

**Plaintiff's Third And Fourth Causes of Action: Lanham Act**

While defendants initially argued that plaintiff's Lanham Act claims are preempted by the Copyright Act, 17 U.S.C. §301(a) (Dkt. #7-4, Point III), during oral argument of the motion, defendants' attorney Gerald Walsh withdrew that challenge, and properly so.[2]

The Lanham Act provides a cause of action to anyone injured or likely to be injured by another's use of "any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion ... as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities". 15 U.S.C. § 1125(a)(1)(A). This protection extends both to unregistered trademarks and trade dress. See Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 114-15 (2d Cir. 2006). A trademark is a symbol made up of one or more elements such as name, font, color, and graphic (see Louis Vuitton Malletier, supra, 454 F.3d at 115), whereas trade dress is the "design or packaging of a product." TrafFix Devices, Inc. v. Mktg. Displays, Inc., 532 U.S. 23, 28 (2001).

[2] Whereas 17 U.S.C. §301(a) precludes state law claims which are encompassed within the scope of federal copyright protection, §301(d) specifically provides that "nothing in this title annuls or limits any rights or remedies under any other Federal statute." (Emphasis added). Therefore, it is well settled that "the federal Copyright Act does not preempt the federal Lanham Act, or vice-versa." Alameda Films SA de CV v. Authors Rights Restoration Corp. Inc., 331 F.3d 472, 482 (5th Cir. 2003); Tracy v. Skate Key, Inc., 697 F. Supp. 748, 750 (S.D.N.Y. 1988).

Plaintiff alleges, *inter alia*, that it uses the mark "COMMONS" in commerce in association with its products and services, that defendants have used this mark without permission or authorization, and that defendants have used their "mark and/or dress in ways that are likely to cause confusion with [plaintiff], and are likely to deceive the public into believing that defendants are somehow licensed or associated with [plaintiff]". (Dkt. #7-2, Ex. A, ¶¶34-45).

Defendants argue that plaintiff has not pled a valid, legally protectible mark by failing to allege that the mark "COMMONS" is inherently distinctive or acquired secondary meaning (Dkt. #7-4, pp. 17-18). "Generic terms are not entitled to any common-law trademark protection, nor may they be registered under the Lanham Act." 815 Tonawanda Street Corp. v. Fay's Drug Co., Inc., 842 F.2d 643, 647 (2d Cir. 1988). Only distinctive marks are valid and protectible. "A mark can be distinctive in two ways. It can be inherently distinctive or has acquired distinctiveness by developing a secondary meaning, which occurs when " 'in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself' ". Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 211 (2000) (quoting Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 851, n. 11 (1982)). See also 815 Tonawanda Street Corp., supra, 842 F.2d at 647 ("secondary meaning," which has been defined as "[t]he power of a name or other configuration to symbolize a particular business, product or company." (internal citations and quotation marks omitted)).

Defendants' argument ignores the fact that plaintiff alleges that defendants have utilized the mark "COMMONS" in such a fashion as to deceive the public into believing that defendants are associated with plaintiff (Dkt. #7-2, Ex. A, ¶¶36, 38). Because a mark's

distinctiveness is also a factor in determining likelihood of confusion, an element alleged by plaintiff (see Louis Vuitton Malletier, supra, 454 F.3d at 115), and giving plaintiff the benefit of every favorable inference (as I must), I find that plaintiff has alleged the elements necessary to support a trademark infringement claim. "[D]efendants' arguments regarding the strength of the mark fail . . . because whether a trademark is generic or descriptive is a question of fact not properly determined by examining the pleadings alone". Fine Foods International (New York), L.P. v. North America Fine Foods, Inc., No. 99-CV-1062, 1999 WL 1288681, at *10 (E.D.N.Y. November 12, 1999).

However, notwithstanding my conclusion that plaintiff's allegation of trademark infringement is sufficient to withstand a Rule 12(b)(6) motion to dismiss, I have serious concerns as to plaintiff's good faith basis for alleging that the word "commons" is a valid trademark. As defendants point out, "the word 'COMMONS' is a descriptive term that is used in the real property sense of describing areas where there is allowable usage by occupants". (Dkt. #7-4, p. 15). Webster's Third New International Dictionary (2002) defines the word as "land used in common by people of a community". While the word "commons" frequently appears in conjunction with a particular location[3], it is difficult (if not impossible) to understand how "commons", standing in isolation, can serve as a trademark identifying plaintiff.

Therefore, by separate Order pursuant to Fed. R. Civ. P. 11(c)(1)(B), I am directing plaintiff to show cause why its allegation that the word "COMMONS" is a protectible trademark is "warranted by existing law or by a non-frivolous argument for the extension,

---

[3] For example, a GOOGLE™ search of the phrase "commons at" yields phrases such as "the Commons at Calabasas", "the Commons at Federal Way", "Freedom Commons at Belmont Hill", "Thorntree Commons at Suttons Bay", "Commons at Fircrest", and numerous others. See also WAWA, Inc. v. Commons at WAWA, Inc., No. Civ. A. 89-4554, 1990 WL 52550 (E.D.Pa. April 20, 1990).

modification, or reversal of existing law or the establishment of new law" within the meaning of Rule 11(b)(2). Absent an adequate explanation from plaintiff, I will then consider recommending the striking of that claim, not pursuant to Rule 12(b)(6), but instead as a sanction pursuant to Rule 11(c)(2).

Turning to plaintiff's trade dress claim, while plaintiff has failed to identify with specificity the trade dress which it claims to be infringed, this failure is not fatal to plaintiff's claim. See Advanstar Communications Inc. v. Dirt Motorsports, Inc., No. 05 CV 1291, 2006 WL 2739700, at *3 (N.D.N.Y. September 25, 2006) ("Whether defendant is actually alleging trademark or service mark infringement, or infringement regarding the packaging, appearance, or design of some type of product, and if so, what that product might be, is not clear. It cannot, however, be said that it appears beyond doubt that defendant can prove no set of facts which would entitle it to relief on the third counterclaim.").

However, unlike the plaintiff in Advanstar, plaintiff in this case has not alleged that the trade dress sought to be protected "is not functional". 15 U.S.C. § 1125(a)(3). "A product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article". Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1006 (2d Cir. 1995) (internal quotation marks omitted). Absent this necessary allegation, which cannot be inferred from the other allegations of the Complaint, plaintiff's claim for trade dress infringement must be dismissed.

Defendants' only ascertainable challenge to plaintiff's Fourth Cause of Action (alleging false advertising/unfair competition and false designation of origin claims under the Lanham Act) is preemption (Dkt. #7-4, Point III). However, during oral argument defendants'

attorney waived their preemption argument as to plaintiff's Lanham Act claims. Therefore, this cause of action will also stand.

**Plaintiff's Fifth Through Ninth Causes of Action**

Because plaintiff fails to respond to defendants' arguments concerning its fifth through ninth causes of action, defendants' motion is granted as to those claims. (See Local Rule 7.1(e), "[T]he opposing party shall file and serve with the papers in opposition to the motion an answering memorandum and a supporting affidavit. Failure to comply with this subdivision may constitute grounds for resolving the motion against the non-complying party"). See also Stokes v. City of New York, No. 05-CV-0007, 2007 WL 1300983, at *14 (E.D.N.Y. May 3, 2007) ("[B]ecause Stokes' opposition papers did not address defendants' motion for summary judgment on this claim, the claim is deemed abandoned and summary judgment could be granted on that basis alone.").

While plaintiff argues "that the motion would be defeated by an amendment of the complaint" (Dkt. #17, p. 14), defendants point out that "absent any proposed amended pleading in opposition to the motion to dismiss, the court is left to speculate whether an amendment might cure defects identified by the motion" (Dkt. #19, p. 2).

Therefore, the validity of any claims which might be contained in an amended complaint is not before me at this time. However, should plaintiff elect to file an amended complaint, it may not simply re-allege, in their current form, the claims which have been dismissed.

**CONCLUSION**

For these reasons, I recommend that defendants' motions (Dkt. ##7, 15 & 16) be GRANTED to the extent that they seek dismissal of plaintiff's claim for trade dress infringement (in its third cause of action) and plaintiff's fifth through ninth causes of action, and that the motions be otherwise DENIED. This recommendation is without prejudice to defendants' right to move for summary judgment against any claims which have not been dismissed, and without prejudice to plaintiff's right to serve an amended complaint (except to the extent that it would seek to reallege the dismissed claims in their current form).

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED: Buffalo, New York
May 23, 2007

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge