UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NORTH FOREST DEVELOPMENT, LLC

          Plaintiff,

v.

WALDEN AVENUE REALTY ASSOCIATES, LLC,
BURGIO AND CAMPOFELICE, INC., AND
ROBERTS, SHACKLETON & BOY ARCHITECTS
& ENGINEERS, P.C.,

          Defendants.

**REPORT, RECOMMENDATION AND ORDER**

06-CV-0378(A)(M)

---

This case was referred to me by Hon. Richard J. Arcara pursuant to 28 U.S.C. §§636(b)(1)(A), (B) and (C), to conduct "all pre-trial matters", including "hearing and disposition of all non-dispositive motions or applications", and to "hear and report on dispositive motions" (Dkt. #24). Before me is a joint motion by plaintiff and defendant Roberts, Shackleton & Boy Architects & Engineers, P.C. ("RSB") to dismiss RSB pursuant to Fed. R. Civ. P. ("Rule") 41(a)(2), and for costs (Dkt. #52). Defendants Walden Avenue Realty Associates, LLC and Burgio and Campofelice, Inc. (collectively "Walden") cross-move to dismiss the Second Amended Complaint (in the event that I grant the joint motion) pursuant to Rules 12(b) and (c), or in the alternative, for leave to add RSB as a third-party defendant pursuant to Rule 14(a) (Dkt. #60).

For the following reasons, I recommend that the joint motion for dismissal be GRANTED, and that Walden's cross-motion to dismiss be DENIED, without prejudice to a motion for summary judgment, and I order that the joint motion for costs be DENIED, and that

Walden's cross-motion for leave to add RSB as a third-party defendant be DENIED, without prejudice to renewal upon a proper showing.

## BACKGROUND

Plaintiff's Second Amended Complaint asserts claims against all defendants for infringement of plaintiff's copyrights in architectural designs and buildings (Dkt. #35, First and Second Causes of Action)[1], and against Walden for trademark infringement, false advertising/ unfair competition, and false designation of origin under the Lanham Act (Id., Third and Fourth Causes of Action).

## DISCUSSION AND ANALYSIS

### A. The Joint Motion to Dismiss RSB

Plaintiff and RSB move jointly to dismiss RSB from the Second Amended Complaint, with prejudice, pursuant to Rule 41(a)(2) (Dkt. #52). They argue that pretrial discovery, including the deposition of RSB's representative, Michael Lorenzo, has made it clear that, notwithstanding the allegations of the Second Amended Complaint, RSB is not liable for infringement of plaintiff's copyrights (Dkt. #52-2, ¶10), and note that there are no counterclaims or cross-claims asserted among the parties (Id., ¶11).

In opposing the motion, Walden relies on Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F. 2d 105, 108 (2d Cir. 1953), cert. denied, 345 U.S. 964 (1953), which held

---

[1] Although the pleading itself (Dkt. #35) is denominated "Third Amended Complaint", it has been stipulated and ordered that it is in fact the Second Amended Complaint (Dkt. #37).

that Rule 41(a) may not be invoked as to fewer than all defendants (Dkt. #59, p. 3). Walden further argues that even if dismissal of RSB is permissible pursuant to Rule 41(a)(2), it would be prejudicial to permit its dismissal (Id., p. 4).

Although Harvey Aluminum has not been expressly overruled, its precedential value has been severely limited. In Wakefield v. Northern Telecom, Inc., 769 F. 2d 109, 114 n. 4 (2d Cir. 1985), aff'd in part, vacated in part on other grounds, 813 F. 2d 535 (2d Cir. 1987), the Second Circuit noted that the "holding" of Harvey Aluminum may in fact be *dictum*, and in any event "has been criticized and is now against the weight of authority." *See also* 8 Moore's Federal Practice (Third Ed. 2008) §41.21[3][a] ("district courts of the Second Circuit have expressly repudiated [Harvey Aluminum]").

I agree with the "district courts within the Second Circuit [which] have since adopted the approach of the majority of courts in other circuits--that is, that Rule 41(a) does not require dismissal of the action in its entirety." Blaize-Sampeur v. McDowell, 2007 WL 1958909, *2 (E.D.N.Y. 2007); Bifaro v. Rockwell Automation, 269 F. Supp. 2d 143, 152 (W.D.N.Y. 2003) (Curtin, J.) (granting plaintiff's motion to voluntarily dismiss the action against one defendant that had not answered or appeared, and quoting Wakefield, supra, for the proposition that "a voluntary dismissal will be allowed 'if the defendant will not be prejudiced thereby").

The following factors govern the determination of a motion to dismiss pursuant to Rule 41(a)(2): "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the

adequacy of plaintiff's explanation for the need to dismiss". D'Alto v. Dahon California, Inc., 100 F. 3d 281, 283 (2d Cir. 1996).

In opposing the joint motion, Walden focuses solely on the third and fourth D'Alto factors, arguing that "plaintiff has sued all defendants using broad language to allege copyright infringement by virtue of buildings designed by RSB and built by [Burgio and Campofelice, Inc.] pursuant to RSB's plans. Given such broad allegations, it would be prejudicial to allow dismissal only against the architect hired by Walden [Avenue Realty Associates, LLC] to design buildings built by [Burgio and Campofelice, Inc.] according to RSB's plans" (Dkt. #59, p. 4).

Walden's claims of prejudice are unfounded. The Second Amended Complaint does not allege that RSB (as opposed to Walden) was responsible for designing the project. Therefore, dismissal of RSB from the action would not affect the claims in the Second Amended Complaint against Walden. Moreover, Walden's failure to assert a crossclaim against RSB severely undercuts its claim that it will be prejudiced by RSB's dismissal. See Plasterer v. Hahn, 103 F.R.D. 184, 186 (M.D.Pa.1984) ("defendants have no grounds for preventing the dismissal of Weiss. They have not asserted by way of cross-claims that Weiss is wholly or partly responsible for plaintiff's injuries. Further, even in the absence of Weiss they can still avoid liability at trial by showing that he is responsible").[2]

---

[2] Walden's argument that the dismissal of RSB "prejudices Walden's ability to defend the case and to explain to the fact-finder how the buildings and suites were designed, and built pursuant to plans developed by the architect" (Dkt. #64, ¶14) is likewise unpersuasive. Notwithstanding RSB's dismissal from the case, Walden may still compel evidence (including testimony) from RSB in pretrial discovery or at trial.

Plaintiff and RSB argue in the alternative that even if Rule 41(a)(2) does not permit me to dismiss RSB, I can grant the motion under Rule 21 (Dkt. #62, p. 7), and Walden concedes that "while Rule 41 is technically inapplicable here and Rule 21 may apply . . . it appears the discretionary analysis is the same." (Dkt. #59, p. 4). Rule 21 states that "the court may at any time, on just terms, add or drop a party." In Harvey Aluminum, the Second Circuit, in *dictum*, condoned the use Rule 21 to dismiss fewer than all of the defendants: "Rule 41(a) 1 provides for the voluntary dismissal of an 'action' not a 'claim'; the work [*sic*] 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.' Rule 21 provides that 'Parties may be dropped or added by order of the court on motion . . . ' and we think that this rule is the one under which any action to eliminate Reynolds as a party should be taken." 203 F. 2d at 108. Because the factors for consideration under Rule 21 are substantially identical to those under Rule 41(a)(2), I would reach the same conclusion under either Rule. *See* Jerry Vogel Music Co., Inc. v. Edward B. Marks Music Corp., 1985 WL 3392, *6 n. 14 (S.D.N.Y. 1985).

Walden further requests that I defer my decision on the joint motion until the parties file their motion for summary judgment (Dkt. #64, ¶9). However, since plaintiff no longer wishes to pursue its claim against RSB, and since Walden has not asserted a cross-claim against RSB, it would serve no purpose to keep RSB in this case pending the filing of summary judgment motions, particularly "because success of a motion under [Rule 41] does not depend on factors typically considered under a motion for summary judgment". Plasterer, supra, 103 F.R.D. at 185.

For these reasons, I recommend that the joint motion by plaintiff and RSB to dismiss RSB from this action with prejudice be granted. However, I order that its motion for costs be denied, as Walden's reliance upon Harvey Aluminum, albeit unsuccessful (in my view, at least), was not totally unwarranted.[3]

### A.    Walden's Cross-Motion

#### 1.    Motion to Dismiss Pursuant to Rule 12(b)(7)

In the event that RSB is dismissed from the case, Walden moves to dismiss the Second Amended Complaint pursuant to Rule 12(b)(7) for failure to join RSB as a party under Rule 19 (Dkt. #60), arguing that RSB, as the architect, is a "necessary party" in whose absence the case must be dismissed (Dkt. #58, ¶6). A party is deemed "necessary" under Rule 19(a) (the Rule uses the phrase "required to be joined if feasible") "if: (A) in that person's absence, the court cannot accord complete relief among existing parties"; or (B) that person claims an interest relating to the subject of the action . . . ".

RSB does not fit this definition. In the first place, it does not claim an interest in the subject matter of the action, since it joins in the motion to have the claims against it dismissed. Secondly, complete relief can be granted to the remaining parties in its absence. Plaintiff can attempt to prove its remaining claims against Walden, and Walden may still "avoid

---

[3]    A motion for costs is non-dispositive. See Weeks Stevedoring Co., Inc. v. Raymond Intern. Builders, Inc., 174 F.R.D. 301, 303-304 (S.D.N.Y. 1997) ("the imposition of sanctions is reviewable under the 'clearly erroneous or contrary to law' standard unless the sanction itself can be considered dispositive of a claim.").

liability at trial by showing that [the dismissed party] is responsible". Plasterer, supra. Plaintiff cannot be forced to proceed against RSB even if RSB was also an infringer. *See* Robbins Music Corp. v. Alamo Music, Inc., 119 F. Supp. 29, 31 (D.C.N.Y. 1954) (denying defendant's "motion to dismiss on the ground that plaintiffs have failed to join [the composer], 'an indispensable party,' . . . . In this case, the acts of infringement - sale, distribution, and publication - are charged against the three defendants; each is an alleged tort-feasor. It is hornbook law that an aggrieved party is not compelled to sue all tort-feasors. He may sue one or more or all of them, at his discretion").

2. **Motion to Dismiss Pursuant to Rule 12(c)**

In the alternative, Walden seeks judgment on the pleadings pursuant to Rule 12(c), arguing that "broad copyright infringement claims, as pleaded by plaintiff, were based on building designs alleged to have been created by RSB. Absent infringement on the part of the professional architect, who allegedly drew the plans for the defendant Walden's buildings and suites, logically, there is no other basis for proceeding against the owner and the builder" (Dkt. #64, ¶5).

However, the Second Amended Complaint does not allege that RSB (rather than Walden) created the allegedly infringing design. Instead, it alleges that *all* defendants infringed (Dkt. #35, ¶¶18, 25-27, 32). While Walden is free to move for summary judgment on the basis that RSB was responsible for the infringement (if any), that argument is insufficient on a Rule 12(c) motion, which (as Walden admits) "is addressed to the pleadings" (Dkt. #64, ¶6).

3.  **Motion for Leave to Add RSB as a Third-Party Defendant Pursuant to Rule 14(a)**

In the alternative, Walden moves for leave to add RSB as a third-party defendant pursuant to Rule14(a) (Dkt. #60). Walden has "failed, however, to attach [its] proposed third party complaint, and [has] therefore not provided sufficient notice . . . as to how [it] now wish[es] to proceed." Singh v. Daimler-Benz, AG, 1992 WL 168169, *2 (E.D.Pa. 1992). "Failure to attach the proposed amendment . . . may result in denial of leave to amend." 3 Moore's Federal Practice, supra, §15.17[1].

Therefore, I deny this aspect of Walden's motion, without prejudice to renewal upon a proper showing (including an explanation as to why a third-party complaint against RSB should be allowed when Walden failed to assert a cross-claim against RSB within the deadlines specified by the Case Management Order (Dkt. #38, ¶5)).

## CONCLUSION

For these reasons, I recommend that plaintiff and RSB's joint motion to dismiss RSB with prejudice (Dkt. #52) be GRANTED, and that Walden's cross-motion to dismiss (Dkt. #60) be DENIED, without prejudice to a motion for summary judgment. In addition, I order that the joint motion for costs (Dkt. #52) be DENIED, and that Walden's cross-motion for leave to file a third-party complaint be DENIED, without prejudice to renewal upon a proper showing. Accordingly, pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:      November 14, 2008

                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge